PEOPLE *v.* BROWN.

1. RAPE—DISMISSAL OF CODEFENDANT—DUE PROCESS.
    Dismissal of female codefendant from charge of statutory rape in course of trial on prosecutor's motion because she gave birth to a child before completion of the trial *held*, not to have amounted to a denial of substantial justice in violation of due process (US Const, Am 14; CLS 1961, § 750.520).

2. SAME—STATUTORY RAPE—EVIDENCE.
    Evidence presented at trial of defendant in prosecution for statutory rape *held*, sufficient to support verdict of guilty (CLS 1961, § 750.520).

Appeal from Recorder's Court of the City of Detroit; Scallen (John P.), J. Submitted Division 1 October 7, 1966, at Detroit. (Docket No. 1,929.) Decided February 28, 1967. Leave to appeal denied May 22, 1968. See 380 Mich 759.

Phillip Arthur Brown was convicted of carnal knowledge of a female under the age of 16 years. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law §§ 542–547.
[2] 44 Am Jur, Rape §§ 100, 101.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Clifford F. Patterson,* for defendant.

J. H. GILLIS, J. Defendant, Phillip Arthur Brown and one Nancy Maxion were charged in the recorder's court for the city of Detroit with having carnal knowledge of a female under the age of 16 years. CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).

During the course of the trial the charges against Nancy Maxion were dismissed on the prosecutor's motion. On September 27, 1965, defendant was found guilty as charged by jury verdict.

The sole question presented on appeal is whether the action of the prosecuting attorney in moving to dismiss the charge against the other defendant and the action of the court in granting the prosecutor's motion was so palpably unfair and unjust as to amount to a denial of substantial justice in violation of the due process clause of the 14th Amendment to the Constitution of the United States.

Defendant-appellant fails to cite one pertinent authority in support of his contention nor does our research disclose any.

The record discloses that the prosecutor moved to dismiss the charges as to Nancy Maxion because she gave birth to a child before the completion of the trial. We have examined the record to determine if the evidence presented at trial supports the verdict and we find that it does.

Affirmed.

LESINSKI, C. J., and HOLBROOK, J., concurred.